**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO.  1:05CV316**

| | |
|---|---|
| **LENDA LITTLEJOHN SANDERS,**       ) | |
|                                       ) | |
|            **Plaintiff,**       ) | |
|                                       ) | |
|            **vs.**       ) | **ORDER OF DISMISSAL** |
|                                       ) | **AND** |
| **TYCO ELECTRONICS CORPORATION,**       ) | **NOTICE OF SHOW** |
|                           )____ | **CAUSE** |
|                                       ) |   **HEARING** |
|            **Defendant.**       ) | |
|                           ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion to dismiss without prejudice and on motion of her attorney for leave to withdraw from representation.

## I.  PROCEDURAL HISTORY

On August 20, 2003, Lenda Littlejohn, who is the same person as the Plaintiff in this action, filed suit in this Court against Tyco Electronics, the same Defendant as in this action.  ***Littlejohn v. Tyco Electronics***, **Civil Action No. 1:03cv193.**  In that action, the Plaintiff, proceeding *pro se*,

alleged that Tyco had discriminated against her on the basis of her race by demoting her to a different position. The case proceeded to trial and a jury was selected on November 8, 2004. After business hours on that date (6:40 p.m.), the Plaintiff filed a motion to dismiss the action in which she wrote the following:

> The plaintiff chose to dismiss her claims due to Unethical Conduct in many areas. This action could have been settle (sic) at the Pre-trial Conference, after the Honorable Lacy Thornburg left the Plaintiff, Defendant and one of his witness (sic) to discuss a Settlement[.] She [the Plaintiff] offered the Defendant to pay her back wages, all attorney fees, And the cost of all certified mailing etc. His response was we're not paying you Nothing! Vengeance is mines (sic), "saith the Lord" and the Plaintiff forgives all of those Who cause this action and all of the suffering of emotional distressed (sic) that she had Experienced throughout the last two years of dealing with this ordeal. Please Forgive me of any thing that I have said to offend anyone also!

**Motion to dismiss claims, filed November 8, 2004.**

On November 9, 2004, the undersigned received a letter, which was filed of record, from the attorneys for the Defendants in that action advising the Court that the Plaintiff had accused defense counsel of *ex parte* contact with the Court. **Letter of November 5, 2004, from Joseph Rhodes, filed November 9, 2004.** According to counsel, the Plaintiff

threatened that she would file more lawsuits against the Defendant "because this is not over." *Id.*, **at 1.**

On November 12, 2004, the undersigned dismissed the lawsuit with prejudice. ***See*, Order of Dismissal, filed November 12, 2004, in Civil Action No. 1:03cv193.**

On October 17, 2005, the Plaintiff, through counsel, filed this action, raising the same claims as previously made in the first action. However, in this action Plaintiff added a claim that in October 2004 she was promoted, but at a lower pay level than white employees, and that she was ultimately terminated from employment in February 2005 in retaliation for filing a charge with the Equal Employment Opportunity Commission (EEOC). **Complaint, at 2.** In its Answer, the Defendant pointed out that many of the claims in this action are barred by *res judicata* as a result of the previous dismissal. Counsel also noted that the Plaintiff had failed to provide a copy of the right to sue letter from the EEOC, thus failing to show administrative exhaustion. **Answer, filed November 7, 2005.** In response, Plaintiff's attorney filed a motion to amend the complaint, claiming that the proposed amended complaint showing the right to sue letter issued by the EEOC was attached to the motion. **Motion to Amend, filed December 21, 2005.**

The proposed amended complaint was not attached to the motion and no proof has been provided that the Plaintiff either filed an EEOC charge or received a right to sue letter.  It is thus impossible to ascertain whether she has exhausted her administrative remedies or initiated suit within the applicable time period.

On January 6, 2006, the Plaintiff, in a *pro se* capacity, wrote to the Court advising that her attorney would shortly move to dismiss this action as well.  **Letter, dated January 5, 2006, filed January 6, 2006.**  In the letter, the Plaintiff complains about her attorney's performance.  ***Id.***

On January 18, 2006, the Plaintiff's attorney did, in fact, file a motion to dismiss the action without prejudice.  **Motion to Dismiss without Prejudice, filed January 18, 2006.**  No grounds for the dismissal were alleged.  On that same date, the attorney filed a motion to be relieved as counsel.  As grounds for that motion, counsel wrote that the Plaintiff had threatened him and

> refus[ed] to cooperate with counsel who has insisted that she refrain from her bad faith misrepresentations and insistence upon using said counsel to pursue this frivolous action for the sole purpose of harassing the Defendant herein.

**Motion to be Relieved as Counsel, filed January 18, 2006.**

## II.  DISCUSSION

The Court finds this action should be dismissed with prejudice on the grounds of *res judicata* and lack of jurisdiction.  Without proof that the Plaintiff received a right to sue letter and timely initiated this action, this Court has no jurisdiction over the claims she seeks to raise.  ***Davis v. N. C. Dep't of Corrections***, 48 F.3d 134, 140 (4th Cir. 1995); ***Greene v. Swain County P'ship for Health***, 342 F.Supp.2d 442, 450 (W.D.N.C. 2004).

More importantly, however, it is clear to the Court that the Plaintiff brought this action only to harass the Defendant.  As a result, the Plaintiff is hereby placed on notice that the Court considers her to be in violation of Federal Rule of Civil Procedure 11, which provides in pertinent part:

> By presenting to the court . . . a pleading, . . . an . . . unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances –
> 
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> 
> (2) the claims . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . .;
> 
> (3) the allegations and other factual contentions have evidentiary support or, . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

**Fed. R. Civ. P. 11(b).** The Plaintiff is hereby placed on notice that pursuant to Federal Rule of Civil Procedure 11 and this Court's inherent powers pursuant to 28 U.S.C. § 1651, the Court contemplates the imposition of sanctions for her conduct in filing this action. Sanctions may include directives of a monetary and/or nonmonetary nature, an order to pay a penalty into court, an order directing payment to the Defendant of reasonable attorneys' fees incurred as a direct result of the violation, and an injunction against future filings.[1]

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the motion to dismiss is hereby **GRANTED** and this action is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion of Theo Mitchell for leave to withdraw from representation is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Lenda Littlejohn Sanders shall show cause why sanctions should not be imposed at a hearing to be held on

---

[1]The Court concludes that because the Plaintiff moved for dismissal after an answer was served, that the provisions of Rule 11(c)(2)(B) do not preclude the *sua sponte* imposition of monetary sanctions.

**THURSDAY, FEBRUARY 23, 2006, AT 10:00 AM**, at the United States

Courthouse, Third Floor Courtroom, in Asheville, North Carolina.

The Clerk of Court is directed to serve this Order on Lenda Littlejohn

Sanders at her home address by certified mail, return receipt requested.

Signed: January 23, 2006

Lacy H. Thornburg
United States District Judge